UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BRENT KIME,

        Plaintiff,

                                                   Case No. 4:06-cv-28

v.                                              HON. ROBERT HOLMES BELL

KURT JONES, et al.,

        Defendant(s).

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Stephen Brent Kime, an inmate at the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Kurt Jones, Donna Schafer, S. Duncan, Dr. Gamat Isaacs, Eileen R. McKenna, Heidi Smith and Steven Moore. Plaintiff's lawsuit arises out of his former incarceration at the Carson City Correctional Facility. Plaintiff is a T-10 paraplegic and is deaf. Plaintiff brings Eighth Amendment claims, violations of equal protection under the Fourteenth Amendment, and asserts violations under the American with Disabilities Act (ADA) in his complaint. Plaintiff has asserted that defendants Jones, Schafer and Duncan violated his Fourteenth Amendment rights. The remaining defendants allegedly violated plaintiff's Eighth Amendment rights.

Plaintiff sues defendant Kurt Jones, the Warden of the Carson City Correctional Facility, asserting that he is responsible for all the individuals working under him. Plaintiff asserts that defendant Jones has failed to provide adequate accessibility to prison facilities for handicap individuals. Defendant Schafer is the ADA coordinator at the facility and is the administrative

assistant to the warden.  Defendant S. Duncan allegedly violated plaintiff's due process rights by wrongfully denying plaintiff's grievances.  Defendant Isaacs is the primary medical care provider at the facility.  According to plaintiff, defendant Isaacs failed to provide adequate medical care.  Defendant Eileen McKenna is the Health Care Unit Manager who interferes with plaintiff's medical care and physicians' orders.  Plaintiff had received parts for his wheel chair, heating pads, hearing aids and other items from the Veterans Administration (VA).  Defendant McKenna decided to deny plaintiff assistance from the VA.  Defendant McKenna also denied plaintiff the opportunity to purchase his own medical items.  Plaintiff alleges that since he is deaf he is entitled to an interpreter so he can communicate medical matters.  Defendant Heidi Smith allegedly has a negative attitude toward plaintiff and has made false statements regarding plaintiff's medical condition and symptoms.  Defendant Steven Moore allegedly violated plaintiff's rights when he made the statement in the Health Care waiting room, in the presence of other prisoners, that he had to watch and assist plaintiff in providing a urine sample.  Plaintiff asserts that this statement suggested a homosexual act on behalf of defendant Moore, and never before was assistance required for him to give a urine sample.  Plaintiff asserts that defendant Moore's statement was humiliating and for months after the statement, plaintiff was shunned by other inmates.

Presently before the Court are defendants' motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to demonstrate exhaustion of administrative remedies.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In their motion to dismiss, defendants contend that plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *Jones v. Bock*, 2007 WL 135890 (U.S., Jan. 22, 2007). *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints. The Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the MDOC grievance procedures. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

In this case, plaintiff has attached his grievances to his complaint, and has asserted that he exhausted his claims. In accordance with *Jones*, in the opinion of the undersigned, defendants have not satisfied their burden of showing that plaintiff failed to comply with the exhaustion requirements of the PLRA.

Plaintiff alleges that defendants Jones, Schafer and Duncan violated his equal protection rights. Defendants argue that plaintiff's equal protection claims should be dismissed because plaintiff is not alleging membership in a suspect class and merely alleges that he was being treated differently than other prisoners. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right

- 4 -

or discriminates against a suspect class of individuals.  *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).  Because a fundamental right is not implicated in this case and plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the actions of defendants need only be rationally related to a legitimate governmental interest.  *See United States v. Kras*, 409 U.S. 434, 446 (1973) ; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

To prove his equal protection claim, plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Defendants have not addressed in their motions whether there existed a rational basis for their actions.  Accordingly, dismissal of the equal protection claims would be premature at this time.

Defendants are correct that plaintiff cannot sue an individual under the ADA.  A plaintiff may not maintain an action under the ADA against the individual defendants identified in his complaint because the ADA does not impose liability upon individuals. 42 U.S.C. § 12131(1)(ADA).

Plaintiff has sued in part for equitable relief.  Plaintiff has been transferred to a different prison.  Therefore, he is no longer under the control or custody of the defendants.  In unreported opinions, the Sixth Circuit has repeatedly held that transfer to another prison facility moots prisoner injunctive and declaratory claims.  *See for example, Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989) (all

attached); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that plaintiff will be returned to Carson City Correctional Facility and be subjected to these allegedly unconstitutional conditions by the same defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, in the opinion of the undersigned, plaintiff's requests for injunctive relief should be dismissed.

Accordingly, it is recommended that defendants' motions to dismiss (Docket ## 34 and 52) be granted in part. Plaintiff's ADA claim and claims for equitable relief should be dismissed.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley

TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  January 29, 2007

- 7 -